UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

**CAROLE R. SQUIRE,**

      **Plaintiff,**        Case No. 2:05-cv-922
                                        JUDGE GREGORY L. FROST
      v.                         Magistrate Judge Norah McCann King

**JONATHAN E. COUGHLAN, ET AL.**

      **Defendants.**

**OPINION AND ORDER**

This matter came before the Court upon the filing of an October 6, 2005 Complaint (Doc. # 1) and an accompanying motion for temporary injunctive relief (Doc. # 2). For the reasons that follow, this Court lacks jurisdiction to proceed in this case and therefore dismisses said Complaint. Moreover, assuming *arguendo* that the Court possessed jurisdiction, the motion for temporary injunctive relief would fail on the merits.

**I. Background**

On October 6, 2005, Plaintiff, Carole R. Squire, filed a Complaint asserting that she is a Franklin County Court of Common Pleas judge who has been notified by Defendants, Ohio's Disciplinary Counsel Jonathan E. Coughlan and Assistant Disciplinary Counsel Lori Brown, that she is the subject of a disciplinary investigation.[1] Plaintiff has a right to respond to a proposed

---

[1] This pleading was Plaintiff's second bite at the apple. Previously, on October 5, 2005, Plaintiff filed a Complaint in Case No. 2:05-cv-914 that is identical to the pleading filed in the instant case with the sole exception that it failed to named Defendant Brown and reference her accordingly. (Doc. # 1 in 2:05-cv-914.) Because that pleading failed to present a sufficient basis for the exercise of jurisdiction, the Court sua sponte dismissed that case on the basis of

1

official complaint against her that asserts violations of the Ohio Canons of Judicial Ethics. Plaintiff asserts, however, that she has unsuccessfully sought the identities of the persons who filed grievances against her, as well as the identities of any witnesses to the events involved in the grievances. She alleges that such non-disclosure constitutes a deprivation of her federal due process rights in contravention of 42 U.S.C. § 1983. Plaintiff seeks temporary injunctive relief to prevent Defendant from proceeding with a probable cause hearing and to compel Defendant to provide her with the information she seeks, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

On October 6, 2005, the Court held an informal conference with the parties' counsel pursuant to S.D. Ohio Civ. R. 65.1(a). After entertaining extended argument at that conference, and in light of the fact that the probable cause hearing underlying this case is set to take place on October 7, 2005, the Court proceeded to hold an in-court hearing the evening of October 6, 2005. The Court received testimony from Defendant Coughlan at that hearing. After recessing for a short period, the Court issued an oral decision from the bench that summarized the Court's reasoning and denied Plaintiff's motion for temporary injunctive relief.[2] The Court also

---

abstention. (Doc. # 3 in 2:05-cv-914.) Subsequent to that dismissal, Plaintiff filed the instant case, which by error the Clerk of Court randomly assigned to another judge of this District. Pursuant to S.D. Ohio Civ. R. 41.1, that judge transferred the instant case to the undersigned judge.
     The Court recognizes that Plaintiff's pleading in the instant case again suffers from the same failure to express a sufficient basis for the exercise of jurisdiction as the dismissed complaint in the prior case. However, because the accompanying motion (Doc. # 2) alleged a possible fact that, if true, could provide this Court with jurisdiction, the Court proceeded to address the new pleading and motion.

    [2] Following issuance of the Court's oral decision, counsel for Plaintiff informed the Court that he was unaware that the Court was going to issue its decision after the recess. Counsel asserted instead that he believed that the Court was going to entertain additional

2

indicated that it would file a written memorialization of that decision.[3]  This Opinion and Order constitutes the promised written decision.

## II.  Exercise of Jurisdiction

The United States Supreme Court has held that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  In other words, *Younger* "advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter."  *Tesmer v. Granholm*, 333 F.3d 683, 688 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45), *rev'd on other grounds*, *Kowalski v. Tesmer*, 543 U.S. 125 (2004).  The *Younger* doctrine, "which applies to an action seeking injunctive relief, applies as well to prohibit an action seeking declaratory relief when a state criminal prosecution is pending."  *Id*. (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

The Sixth Circuit Court of Appeals has explained that there are "[t]hree requirements ...

---

argument, then announce a decision.  This belief is in contravention of what the Court informed the parties would happen.  Additionally, Plaintiff's counsel attempted to introduce exhibits after the Court announced its decision, despite having failed during the hearing to produce this evidence on cross-examination of Defendant Coughlan or when specifically asked by the Court prior to the recess whether counsel was going to introduce evidence.  The Court permitted counsel to proffer the exhibit letters for purposes of the record.  Although not properly introduced, the exhibits do not present information that contravenes the evidence received at trial and would not, even if properly before the Court, affect the Court's decision.

[3]  The Court's decision included a denial of an oral motion by Plaintiff to stay the denial of the temporary restraining order motion.  Plaintiff also asked the Court to construe the temporary restraining order proceedings as preliminary injunction proceedings.  The Court declined to do so on the grounds that there was no motion for a preliminary injunction before the Court and the parties had expressly proceeded until that point on the basis that they were engaged only in a temporary restraining order proceeding.

for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  The Court finds that each requirement for invocation of the doctrine exists here.

It is beyond question that Plaintiff's ongoing state disciplinary proceedings fall within the scope of *Younger*.  *See Brown v. Disciplinary Counsel*, 230 F.3d 1357, 2000 WL 1434450, at *1 (6th Cir. 2000) (unpublished table decision); *Harper v. Disciplinary Counsel*, 113 F.3d 1234, 1997 WL 225899, at *2 (6th Cir. 1997) (unpublished table decision); *Blanton v. United States*, 94 F.3d 227, 234 (6th Cir. 1996) (citing *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996); *Cohn v. Bracy*, 28 F.3d 1213, 1994 WL 328302, at *3-4 (6th Cir. 1994) (unpublished table decision); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 722-24 (6th Cir. 1993).

It is also beyond doubt that the state has an important interest in the enforcement of the Ohio disciplinary process and in maintaining the integrity of the state bar and state judiciary. *Brown*, 230 F.3d 1357, 2000 WL 1434450, at *1; *Berger*, 983 F.2d at 723.

There is also no factual basis for concluding that Plaintiff does not have an adequate opportunity to raise constitutional challenges as part of the ongoing state proceedings.  This is thus not an instance in which " 'state law clearly bars the interposition of constitutional claims.' " *Middlesex County Ethics Comm'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

The burden is on Plaintiff to demonstrate that " 'state procedural law barred presentation

of [her] claims.' " *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)).  Here, the evidence presented at the hearing fails to indicate that Plaintiff is unable, or that she even attempted, to raise a challenge to the constitutionality of the disciplinary proceedings and procedures in the state forum.  This point is significant, because "[w]hen a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Wong-Opasi v. Haynes*, 8 Fed. Appx. 340, 343 (6th Cir. 2001) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

      Here, the evidence presented indicates that nothing in the Supreme Court Rules for the Government of the Bar of Ohio, particularly Gov. Bar R. V, either expressly provides for or excludes a mechanism by which Plaintiff could seek the information she seeks by order of Ohio's Board of Commissioners on Grievances and Discipline of the Supreme Court ("the Board").  Rule V also does not expressly permit or deny Plaintiff the ability to raise any constitutional objection related to the non-disclosure of this information.  The hearing testimony indicates, however, that there has been a past practice of the Board to accept and act upon motions filed by individuals such as Plaintiff–respondents in the state proceedings–despite the fact that Rule V does not expressly or specifically account for the filing of such motions.  Thus, the limited facts before this Court suggest that Plaintiff could have and should have pursued her interests before the Board.  This fact undercuts Plaintiff's contention that state procedures and practice does not afford her a fair opportunity to raise the argument(s) she seeks to assert in this federal forum.  Consequently, Plaintiff's flawed premise fails to provide a basis for precluding application of the *Younger* doctrine in this case.

The Court also concludes that Plaintiff has failed to demonstrate that the exercise of jurisdiction is appropriate by pointing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Because *Younger* applies, this Court cannot afford Plaintiff the temporary injunctive relief she seeks. *See Sun Refining & Marketing Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief") (citing *Colorado River Water Conservation District v. United State,* 424 U.S. 800, 816 n. 22 (1976)). *Cf. Wong-Opasi*, 8 Fed. Appx. 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order). The fact that the *Younger* doctrine precludes the exercise of jurisdiction in this action also means that the Court should *sua sponte* dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). *See also Thomas v. Better Bus. Bureau of the Mid-South,* 79 Fed. Appx. 748, 748 (6th Cir. 2003) (construing Fed. R. Civ. P. 12(h)(3)); *Doscher v. Menifee Cir. Ct.*, 75 Fed. Appx. 996, 997 (6th Cir. 2003) ("Where a complaint is totally devoid of merit and the district court has determined that it lacks subject matter jurisdiction over the action, the court may dismiss a fee-paid complaint without giving the plaintiff an opportunity to amend the complaint").

### III. Motion for Temporary Restraining Order

Even assuming *arguendo* that *Younger* abstention is not appropriate, the Court could not

grant the temporary injunctive relief requested. The standard for addressing a motion for a temporary restraining order is the same as the standard applied to a motion for a preliminary injunction. *Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004); *Avery Dennison Corp. v. Kitsonas*, 118 F. Supp. 2d 848, 851 (S.D. Ohio 2000). In order to grant either form of injunctive relief, the Court must consider and balance the following four factors:

> (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). *See also Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994)); *Rios*, 345 F. Supp. 2d at 835; *Avery Dennison Corp.*, 118 F. Supp. 2d at 851. The Sixth Circuit has explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261.

The first two factor weigh against granting injunctive relief in this case. The evidence indicates that there has been no deprivation of due process that could create a deprivation of Plaintiff's asserted property right (or, although more obliquely presented, a right of privacy). Defendant Coughlan testified that his office has disclosed to Plaintiff all grievants and witnesses that will be used in the probable cause proceedings and referenced in the draft complaint at the heart of that proceeding. Plaintiff has received that draft complaint. Coughlan also testified that no individual grievant or witness relied upon asked to be anonymous and that Plaintiff "absolutely" did not request names of all the people disciplinary counsel interviewed during the course of its investigation. Notably, Count One of the draft complaint–the specific count

Plaintiff references–did not arise because of a specific grievance, but rather, according to Coughlan, as a result of investigation into other conduct that suggested the alleged impropriety at the heart of the first count. In light of such testimony, the evidence fails to indicate that there was any non-disclosure of grievants or witnesses that will be used in the probable cause determination. Absent such non-disclosure, Plaintiff's argument is premised more on a hypothetical scenario than on certain facts.

Plaintiff's assertion of irreparable harm also lacks weight. Plaintiff is attempting to equate the public disclosure of an ethics complaint with a due process violation affecting a property interest, but her motion fails to present a substantive link between the two. Her rationale is premised on an assumption of gravity–i.e., that public disclosure of a complaint predicated upon a probable cause determination will inevitably lead to the loss of her position as a state judge. This is speculation rooted not in facts presented to this Court, but in a self-serving presumption of cause and effect that is at best tenuous, to say the least. In other words, there is simply no evidence supporting the contention that proceeding to a probable cause determination without obtaining information (that apparently has been disclosed or is not relied upon in that proceeding) will result in any harm to Plaintiff other than a potential for some inherent public embarrassment. Plaintiff's argument arguably gives the public both too much credit–by assuming that the voting public follows or cares about judicial disciplinary proceedings–and too little–by assuming that the voters cannot discern an accusation of apparent misconduct from an actual finding of misconduct.

The weight of these first two factors is against the granting of temporary injunctive relief. Such weight diminishes the effect of the remaining factors, although the Court recognizes that the issuance or non-issuance of the injunction would not likely cause substantial harm to others,

and that the public interest would be served not by granting injunctive relief, but by permitting a process designed for the protection of the public to proceed. *See Disciplinary Counsel v. Carroll*, 106 Ohio St. 3d 84, 86, 831 N.E.2d 1000, 1003 (2005) ("the purpose of the disciplinary process is not to punish the offender but rather to protect the public").

Finally, this Court again notes, as it did at the hearing, that the doctrine of laches would potentially preclude Plaintiff from obtaining the equitable relief she seeks. Plaintiff waited until the day before the probable cause determination to file her motion for injunctive relief (and two days before the hearing to file any federal lawsuit on the issue). Such delay in the face of what Plaintiff alleges is a state system that clearly denies her the right to present her issues and obtain the information she seeks is inexplicable and unexplained. Defendants' counsel, however, curiously declined to press the issue at the hearing, despite having referenced the inordinate delay several times at the informal conference. Accordingly, this Court shall not further discuss laches.

### IV. Conclusion

The Court abstains from exercising jurisdiction in this case and accordingly both **DENIES** the motion for temporary injunctive relief (Doc. # 2) and **DISMISSES** this action. Further, the Court memorializes its **DENIAL** of Plaintiff's oral request to stay its decision on the motion for a temporary injunction. The Clerk shall accordingly terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

          /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE